IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COREY BYRNE,** *et al.* | : | |
| | : | **CIVIL ACTION** |
| v. | : | No.  25-0586 |
| | : | |
| **TEREX USA, LLC d/b/a MARCO,** *et al.* | : | |

**McHUGH, J.**                                                                                                    **October 28, 2025**

## MEMORANDUM

This is a products liability case arising out of an injury suffered by a worker working in proximity to a cement hopper at the plant where he was employed.  Plaintiffs have named as defendants a series of companies that trade under the name "Continental" on theories of strict liability and negligence.  They have also sued Robert and Francine Wulfers individually, based on their association with at least one of the Continental Defendants.  *See* Pls.' Am. Compl., ECF 29 at 6, ¶ 8.

Defendants Francine and Robert Wulfers, joined by the Continental Defendants,[1]  have moved to dismiss the claims against the Wulfers for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See* Defs.' Mot. to Dismiss, ECF 42.  For the reasons below, the motion will be granted, and the claims against the Wulfers dismissed without prejudice.

**I.     Standard of Review**

In the Third Circuit, motions to dismiss under Rule 12(b)(6) are governed by the well-established standard in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

---

[1] The motion's title suggests that it is filed on behalf of all the Continental Defendants, but the body of the motion seeks only dismissal of the Wulfers Defendants individually.

**II.     Discussion**

Paragraphs 8 and 9 in the Amended Complaint's "Introductory Allegations," as well as Counts VII, VII, IX, and X, describe the Wulfers' involvement in identical language to most of the other business defendants, including the Continental Defendants. Paragraph 8 asserts that Francine Wulfers

> "actually or apparently manufactured the cement plant and/or marketed, sold, and/or distributed the cement plant, including all its component parts, such as the cement hopper, to Kriger Construction, Mr. Byrne's employer, or, alternatively is otherwise responsible and liable for the design, manufacturing, marketing, sale, and distribution of the subject cement plant and/or the cement hopper. . . .[, and] provided relevant and complained-of service for the subject product and/or cement plant, including but not limited to assembly, installation, and/or maintenance."

Pls.' Am. Compl., ECF 29 at 6, ¶ 8. Plaintiffs repeat these exact allegations about Mr. Wulfers, the Continental Defendants, and RexCon.

As a threshold matter, it is highly unusual to have individual defendants named in a product liability action. It is unclear what their precise role is: *e.g.*, owner of a business, officer of corporation, employee? Such distinctions have potential legal significance with respect to the scope of liability.

Defendants are correct that in the case of owners, absent piercing of the corporate veil, it is unlikely that there is a basis for the imposition of personal liability. *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86 (Pa. 1983). As noted by the Supreme Court:

> There is a distinction between liability for individual participation in a wrongful act and an individual's responsibility for any liability-creating act performed behind the veil of a sham corporation. Where the court pierces the corporate veil, the owner is liable because the corporation is not a bona fide independent entity; therefore, its acts are truly his. Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity.

*Id.* at 89-90. Defendants are also correct that in the case of officers, and presumably mere employers, liability is dependent on personal participation in the tort. *Id.* at 90; *see also Shay v. Flight C Helicopter Servs., Inc.*, 822 A.2d 1, 17-19 (Pa. Super. Ct. 2003). It bears emphasis that *Shay* also involved a product, specifically a helicopter, and the Superior Court held that absent evidence of an owner's participation in acts of faulty maintenance that caused the crash, personal liability was not warranted. *Shay*, 822 A.2d at 19-20; *see also McKenna v. Art Pearl Works, Inc.*, 310 A.2d 677, 680 (Pa. Super. Ct. 1973) ("[W]e cannot say that the mere fact that [the corporation] sold a defective machine, which subsequently injures an employee of the buyer, would justify holding the selling agent personally liable.").

Federal pleading is still notice pleading, and particularly in product liability actions, plaintiffs require appropriate leeway because of limitations on their access to information pre-suit. Conversely, individual defendants stand on different footing than corporations and are entitled to reasonable disclosure of the basis on which liability is asserted against them. That is particularly true in the presence of punitive damages claims, which Plaintiffs here were permitted to preserve even as the Court noted some reservations. *See* Order of February 28, 2024, ECF 11 ("[T]he Complaint here does not identify specific acts of culpable conduct typically present in cases where punitive awards have been upheld.").

The claims against the Wulfers will be dismissed, without prejudice, subject to reinstatement if discovery reveals a plausible basis for the imposition of liability against them.

      /s/ Gerald Austin McHugh
      United States District Judge