IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COREY BYRNE,** *et al.* | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 25-0586 |
| | : | |
| **TEREX USA, LLC d/b/a MARCO,** *et al.* | : | |

| | |
|---|---|
| **McHUGH, J.** | **December 22, 2025** |

## MEMORANDUM

This is a products liability case initially brought in the Philadelphia Court of Common Pleas by a worker who suffered injury while using a cement hopper. Defendants sought to transfer this case to the Middle District of Pennsylvania, claiming it is a more convenient forum. I denied that request under the controlling Third Circuit test, reasoning that, although the relevant private interests weighed slightly in favor of transfer, the public interests weighed more substantially against. Defendants[1] have now asked me to reconsider that decision, arguing that I misapplied the law. For the reasons discussed below, their Motion for Reconsideration will be denied.

**I.   Legal Standard**

Granting relief based on a motion for reconsideration is reserved for "extraordinary circumstances." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018) (citation omitted). This is because such motions "are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The scope of a reconsideration motion is narrow, *id.*, and courts will grant relief only where a party shows: "(1)

---

[1] "Defendants" includes all the corporate defendants except for Terex USA, LLC d/b/a Marco, Terex Corporation, which neither joins nor opposes the motion. *See* Mot. for Reconsideration at 2 n.2, ECF 76.

an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice," *Lazaridis v. Wehmer*, 591 F.3d 666, 679 (3d Cir. 2010).

Here, Defendants move for reconsideration on the third basis. Mot. for Reconsideration at 4, ECF 76. Courts within this circuit have made clear that a party seeking to move for reconsideration on this basis "should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant." *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994); *see also United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (same). Although the Third Circuit has not adopted definitions of "clear error of law or fact" and "manifest injustice" in the reconsideration context, it has instructed that the threshold to clear is high. *Energy Future Holdings Corp.*, 904 F.3d at 311. To satisfy this heightened burden, the movant "must show more than mere disagreement with the earlier ruling"; rather, the movant must demonstrate that the court committed "a 'direct, obvious, [or] observable error'" with its prior decision. *Id.* at 312 (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)).

Importantly, a party cannot use a reconsideration motion "to relitigate issues that the Court has already decided" or to "make additional arguments which should have been made before" the court's prior decision. *Smith*, 155 F.R.D. at 97; *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (stating that a reconsideration motion "addresses only factual and legal matters that the Court may have overlooked…It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly.") (citation omitted).

**II.    Discussion**

As a preliminary observation, Defendants' motion cites no appellate authority. Conceptually, it is unclear how an argument can be raised that the Court committed an error of

"law" when the only authority cited is non-binding, persuasive authority from other district courts.[2] The motion could be denied on that basis alone, but I will nonetheless address some of the points raised.

As to the private factors recognized by *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), Defendants first return to their argument that a plaintiff's choice of forum should be given little weight if it is outside their home forum, citing additional decisions from other district courts. In my earlier memorandum, I identified two animating principles established by the Third Circuit: "that [1] a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and [2] that choice should not be lightly disturbed." *Byrne v. Terex USA, LLC*, No. 25-cv-0586, 2025 WL 3019163, at *1 (E.D. Pa. Oct. 28, 2025) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).  I stand by that view because neither state and nor federal law limits a plaintiff to filing in the venue where they reside.  For district courts to invent a requirement that a plaintiff must then provide some additional justification for exercising an option provided by law effectively undermines the principle that the plaintiff's choice is "paramount."  Importantly, *Shutte* goes even further, holding that transfer is warranted only where "the balance of convenience of the parties is strongly in favor of defendant." *Shutte*, 431 F.2d at 25. And as to that aspect of *Shutte*, my earlier memorandum emphasized Defendants' concession that "[w]hether Defendants litigate in the Eastern District or Middle District—as they're all out-

---

[2] The resolution of transfer motions depends on a nuanced evaluation of each case's facts.  This results in a wide range of outcomes, as graphically illustrated by motions to transfer cases from Philadelphia to Camden, New Jersey, literally just across the Delaware River. **Compare** *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195 (E.D. Pa. 2008) (granting transfer), *Fineman v. Trek Bicycle Corp.*, No. 23-cv-2272, 2024 WL 2707012 (E.D. Pa. Mar. 19, 2024) (same), *and Galonsky v. Adamar of N.J., Inc.*, No. 07-cv-1469, 2007 WL 2234569 (E.D. Pa. Aug. 1, 2007) (same), **with** *State Farm Fire & Cas. Co. v. Brighton Exteriors, Inc.*, No. 17-cv-3905, 2018 WL 3995956 (E.D. Pa. Aug. 21, 2018) (denying transfer), *and Keller-Miller v. Coca-Cola Bottling Co.*, No. 16-cv-3018, 2016 WL 5870897 (E.D. Pa. Oct. 7, 2016) (same).  By Defendants' logic, this disagreement necessarily represents an error of law on the part of one set of judges or the other.

of-state entities—they are equally inconvenienced." *Byrne*, 2025 WL 3019163, at *2.  Tellingly, Defendants' motion does not address this point.  For practical purposes, Defendants have simply changed their argument under the guise of reconsideration.

Next, Defendants confidently assert that "the most persuasive factor" is where an accident occurred, citing *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195 (E.D. Pa. 2008).  And if *Coppola* were a decision from the Third Circuit, their argument would carry substantial weight.  But of course, it is not, and although Defendants criticize my analysis as embracing an "exception" and violating the rule, it reflected a choice to recognize other non-binding authority, embodied by *Trias v. QVC, Inc.*, No. 20-cv-813, 2020 WL 2769585, at *3 (E.D. Pa. May 28, 2020), which I found more persuasive.  And as reflected in my earlier memorandum, *Trias* did not stand alone but collected other authority embracing the same view.[3]  *See Byrne*, 2025 WL 3019163, at *3.  Even so, I did not discount this factor, but found it *favored* transfer, just less than Defendants would like.

Defendants now assert that "the site will prove critical," positing several questions they deem important.  Suffice it to say in the Court's view, having considered the nature of the product and the core defect alleged, and having seen photographs of the site and the equipment at issue, as installed, Defendants' issues appear makeweight.  These issues would perhaps have greater

---

[3] *See Trias*, 2020 WL 2769585, at *3 ("'However, in many products liability cases . . . the location of the accident will be relatively unimportant for venue purposes.') (quoting *Lempke v. Gen. Elec., Co.*, No. 10-cv-5380, 2011 WL 3739499, at *5 (E.D. Pa. Aug. 25, 2011) (citing *Brown v. Kia Motors Corp.*, No. 06-cv-804, 2007 WL 539652, at *3 (W.D. Pa. Feb. 15, 2007) ('[T]his is a product liability action. Consequently, this claim does not have a single "situs."'); *Duvall v. Avco Corp.*, No. 05-cv-1786, 2006 WL 723484, at *2 (M.D. Pa. 2006) ('[T]he claims asserted against the Defendants are of a product liability nature, therefore the physical location of the accident carries less weight than the Defendants assert.'))").

relevance in one of the many states where comparative negligence is a defense, which in Pennsylvania it is not.[4]

As to convenience of witnesses, Defendants advance the criticism that my prior memorandum focused on the availability of witnesses at trial. There is some irony to this, given that it was the Third Circuit in *Jumara*—a higher court whose precedent a district judge must follow—that established this limitation. That said, the defense is correct that inconvenience stemming from discovery is not irrelevant. In the Court's experience, however, savvy counsel does not antagonize third-party witnesses by summoning them to the site of the courthouse but generally considers the burden on uninvolved parties in deciding the location for depositions, many of which occur remotely in current practice. The Court presumes Plaintiffs' counsel will show such courtesy in this case, and there is always the remedy of a protective order if discovery becomes unduly burdensome.

Turning to the public factors, it is simply not the case that court congestion played a critical role in the Court's earlier analysis. It was one factor considered. The defense takes issue with my conclusion that there is no local interest in the case but simply reiterates a conclusory statement from other district courts that the place where an injury occurred necessarily has controlling significance. Such an assumption is strikingly superficial. Here, only two of the parties have a connection to Lackawanna County—Plaintiffs—who saw no need to pursue their claim there. No local institutions, such as a municipality or a school district, are involved. This is not a land use dispute and does not involve any public right of access. For that matter, the public does not even have a right of access to the site of the accident, as it is not a retail establishment. The parties

---

[4] The Pennsylvania Supreme Court has not explicitly revisited this issue since *Tincher v. Omega Flex., Inc.*, 104 A.3d 328 (Pa. 2014), but there is nothing in any appellate decision from Pennsylvania courts suggesting that such a fundamental shift in the law is imminent.

claiming a local interest are foreign corporations. And they do not address my observation that the principal policy goal of product liability law is public safety, an interest that applies uniformly across the Commonwealth of Pennsylvania.

Finally, as to judicial economy, Defendants' principal complaint is that RexCon and Continental were joined later in the litigation. As a preliminary observation, the Court would be surprised if their formal joinder were the first notice they had about this case, and equally surprised if there was no early communication from Terex. Putting that aside, judicial economy is a public factor, and Moving Defendants are now asserting their private litigation interests. The time and attention invested by this Court remains the same.

In conclusion, Defendants fall well short of the demanding standard for reconsideration. It may be the case that judicial economy is not well-served by this short memorandum, but it will not do for the parties to think their arguments are being given "short shrift." Mot. for Reconsideration at 7. An appropriate order follows.

  /s/ Gerald Austin McHugh
United States District Judge